■ EVA MEYER, as Parent and Natural Guardian of PAUL MEYER, et al., Respondents, v CITY OF TROY, Appellant.—Appeal from (1) a judgment of

the Supreme Court, entered March 11, 1977 in Rensselaer County, upon a verdict rendered at a Trial Term in favor of plaintiff, and (2) an order of the same court which denied defendant's motion to set aside the verdict. This action was commenced to recover damages for personal injuries sustained by the infant plaintiff, Paul Meyer, in a fall which occurred at a garage owned by the defendant on August 14, 1975. By agreement of counsel, the issue of liability was tried separately, resulting in a verdict in favor of the plaintiff that negligence had been proved against the city. Defendant's motion to set aside the jury's verdict was denied. The City of Troy owned and maintained a large garage for the purpose of storing and repairing approximately 45 large trucks. The overhead garage doors are about 14 feet in width and are operated by electric motors with controls consisting of three buttons located on the inside of the doorjambs about five feet above the floor. Near the overhead door located at the southeast corner of the building is a small doorway cut in the wall to be used for nonvehicular ingress to and egress from the garage. On the day of the accident, at about 3:30 P.M., all of the city trucks had returned from the road and were parked in the garage. All but two members of the work force had left for the day. The infant plaintiff, then 10 years old, testified that he was playing in the woods behind the garage with his brothers when, after "going to the bathroom" behind a tree, he went down behind the city garage to "buckle my pants". He stated that while buckling his pants, "by mistake", he placed his belt through the door handle before buckling it. He contended that he "wasn't looking" as he buckled his pants and the belt "fell through" the handle of the door so that when he buckled it, he became fastened to the overhead door. As he was doing this he "started going up in the air" and when he got to "the top", the belt "broke" and he fell to the ground. He testified that when the door went up in the air, his brother Randy was inside the garage where the buttons controlling the overhead door were located. Defendant's motion to dismiss, at the close of the plaintiff's case, was based on the ground that there was no defect in the premises and no proof as to who caused the door to be raised; and that the infant's testimony was incredible as a matter of law. In our view of the evidence, this motion should have been granted. No actionable negligence was proved against the defendant. There was no proof of the existence of a defect or a trap upon the premises nor was there any proof of any prior accident of any nature having befallen a child on or around the garage premises. The standard of care recently enunciated by the Court of Appeals in *Basso v Miller* (40 NY2d 233) is one of reasonable care under the circumstances. Foreseeability shall be the measure of liability. Under the proof presented, it was not reasonably foreseeable that a child would strap himself to an exterior door handle of an overhead door and thereby injure himself. Any negligence of defendant in failing to cordon off the area would be a foreseeable cause of injury arising from the operation of the trucks, not the injury sustained here. It cannot be said that plaintiff has established the necessary element of proximate cause. Judgment and order reversed, on the law and the facts, and complaint dismissed, without costs. Mahoney, P. J., Greenblott, Sweeney, Staley, Jr., and Main, JJ., concur.